NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. EC-11-1086-DJuKi |
| ) | EC-11-1167-DJuKi |
| MICHAEL WOOD, ) | (related appeals) |
| ) | |
| Debtor. ) | Bk. No. 10-49032 |
| _____) | |
| ) | Adv. No. 10-02731 |
| MICHAEL WOOD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| EARNEST F. JOHNSON, dba ) | |
| Protect Carpet Cleaning; ) | |
| UNITED STATES TRUSTEE; THE ) | |
| BANK OF NEW YORK, ) | |
| ) | |
| Appellees. ) | |
| _____) | |
| ) | |
| MICHAEL WOOD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| THE BANK OF NEW YORK, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on November 16, 2011
at Sacramento, California

Filed - December 12, 2011

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appearances:    Appellant Michael Wood argued pro se.  Dawn N. Williams, Esq. of Dykema Gossett LLP appeared for Appellee The Bank of New York.

---

Before:  DUNN, JURY and KIRSCHER, Bankruptcy Judges.

The debtor, Michael Wood, appeals the following orders of the bankruptcy court:[2] (1) dismissing his chapter 11 bankruptcy case ("dismissal order"); (2) denying his motion for reconsideration of the dismissal order; (3) remanding to state court ("remand order") an unlawful detainer action against him; and (4) denying his motion for reconsideration of the remand order.  We AFFIRM.

///
///
///
///
///
///
///
///
///
///
///

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

**FACTS**[3]

A.   Events before the debtor's second chapter 11 case

Joseph Manlapaz purchased a residence in Tracy, California ("Tracy residence"), through a loan from Ownit Mortgage Solutions, Inc. ("Ownit Mortgage").  The debtor claimed an interest in the Tracy residence.[4]  When Manlapaz defaulted on his mortgage payments to Ownit Mortgage, the Tracy residence was placed into foreclosure.  Bank of New York ("BNY") was the successful credit bidder at the foreclosure sale.

On May 26, 2009, BNY served the debtor with a written notice to quit the Tracy residence.  The debtor did not leave the Tracy residence in response to the notice to quit.  Consequently, on July 31, 2009, BNY initiated the unlawful detainer action against the debtor in state court to obtain possession of the Tracy residence.  On February 18, 2010, the state court entered judgment against the debtor ("state court judgment") in the

---

[3] The debtor submitted four volumes of documents, requesting that we take judicial notice of the documents.  BNY objected to the debtor's requests for judicial notice.

Nearly all of the documents in the debtor's requests for judicial notice relate to the unlawful detainer action. Generally, we do not consider facts outside the record developed before the bankruptcy court.  See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  We may take judicial notice of proceedings in other courts, however, if those proceedings have a direct relation to the matters at issue.  Id.  None of the documents in the debtor's requests for judicial notice are necessary to our determination here.  We thus deny the debtor's requests for judicial notice.

[4] It is unclear from the record whether the debtor or a member of the debtor's family leased the Tracy residence.

3

unlawful detainer action.  The debtor did not appeal the state court judgment.[5]

After a writ of possession was issued, the eviction of the debtor was scheduled for March 3, 2010.  The day before the scheduled eviction, the debtor filed his first chapter 11 petition in the Eastern District of California (bankruptcy case no. 10-25046-cmk).[6]  Two weeks later, the bankruptcy court dismissed the debtor's first chapter 11 case because he had "no bankruptcy reason for maintaining" it, as he had filed it in order to challenge title to the Tracy residence.

B.    The debtor's second chapter 11 case

The debtor filed his second chapter 11 petition (bankruptcy case no. 10-49032-rsb) on November 1, 2010.  He filed all of the

---

[5] At oral argument, counsel for BNY represented that the unlawful detainer action was completed.  She further represented that BNY had executed the writ of possession.

[6] BNY filed a motion for relief from stay ("stay relief motion"), seeking to proceed with the unlawful detainer action, in the debtor's first chapter 11 case (main case docket no. 20). BNY also filed the declaration of Ronald D. Roup, attorney for BNY, in support of its stay relief motion ("declaration")(main case docket no. 22).  BNY recited these facts in the stay relief motion and the declaration.  (Notably, the debtor's first chapter 11 case was dismissed before the April 14, 2010 hearing on BNY's stay relief motion.)  Neither BNY nor the debtor included the stay relief motion and the declaration in the record on appeal.  We obtained copies of the stay relief motion and the declaration from the bankruptcy court's electronic docket.  See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

schedules, the statement of financial affairs ("SOFA") and other required bankruptcy documents (collectively, "original bankruptcy documents") on the same day as his petition.

The debtor scheduled only two assets: his "equity" from "possession of [the Tracy residence]" and $340 in cash on hand. The debtor did not schedule any secured or priority creditors. He scheduled only one unsecured creditor with a $590 claim. The debtor reported that he had no monthly income and that he was unemployed. He also reported only $200 per month in expenses. He listed on the SOFA the unlawful detainer action and the foreclosure of the Tracy residence.

On the petition date, the bankruptcy court issued an order to file a status report and to attend the status conference set for December 1, 2010 ("status conference order"). The status conference order required the debtor to serve the status conference order on the parties listed therein by November 12, 2010. It further required the debtor to serve the status report on these same parties by November 19, 2010.

Specifically, the status conference order set forth the following language:

> **Service of this Order.** The debtor shall serve this order by the date stated above [i.e., November 12, 2010] upon the following persons: (1) the United States trustee; (2) the holders of the 20 largest unsecured claims, excluding insiders; (3) all general partners, limited partners, or shareholders of the debtor; (4) all holders of secured claims; (5) all parties to executory contracts and unexpired leases; and (6) all parties that request special notice. If any of the foregoing persons is represented by an attorney known to the debtor, the attorney shall also be served with this order. The debtor shall file a proof of service no later than three court days after service of this order.

**Service of the Status Report.** The debtor shall, by the date set forth above [i.e., November 19, 2010], file a status report and serve it on the same persons served with this order.

**Sanctions for Failure to Comply.** Failure to comply with this order may result in sanctions, including dismissal, conversion, or the appointment of a trustee. Filing a status report with perfunctory conclusions and no meaningful factual detail does not comply with this order. The court expects to receive sufficient information to understand the current status of the case, the debtor's anticipated plan of reorganization, and the types of contested matters and adversary proceedings that will likely be filed. With this information the court may set the deadlines described below [e.g., date for filing the plan and disclosure statement].

The debtor filed a status report on November 22, 2010 ("initial status report"),[7] and an amended status report ("amended status report") on November 30, 2010. The debtor included certificates of service in both status reports, indicating that he mailed copies of the initial status report and the amended status report to the United States Trustee ("UST"). He did not list any other parties on the certificates of service. The debtor did not file with the bankruptcy court separate certificates of service for either status report.

At the status conference, the bankruptcy court noted that the debtor seemingly neither served the status conference order nor the amended status report properly. The debtor informed the bankruptcy court that he had "personally mailed" a copy of the status report to the UST and to the one unsecured creditor.

---

[7] Neither the debtor nor BNY included a copy of the debtor's initial status report in the record on appeal. We obtained a copy of the initial status report from the bankruptcy court's electronic docket (main case docket no. 12). See supra n.6.

6

The bankruptcy court noted that, after "look[ing] at [the debtor's schedules and [SOFA]," the debtor listed only one unsecured creditor with a claim "for a little over $500." Tr. of December 1, 2010 hr'g, 2:22-24. The debtor's schedules, the bankruptcy court continued, "show[ed] virtually no income, very little expenses." Tr. of December 1, 2010 hr'g, 3:2-3.

The bankruptcy court informed the debtor that it was "convinced that [the chapter 11 case was] not a viable reorganization." Tr. of December 1, 2010 hr'g, 4:2-3. The bankruptcy court advised the debtor that it intended to dismiss his second chapter 11 case sua sponte because it "did not know what the intent [was] behind [the chapter 11 case]." Tr. of December 1, 2010 hr'g, 3:18-19.

The debtor explained that he filed for bankruptcy to "discharge [his] creditors." Tr. of December 1, 2010 hr'g, 3:5. He estimated that he had "about $30,000 worth of creditors." Tr. of December 1, 2010 hr'g, 3:6.

When the bankruptcy court pointed out that the debtor did not list those debts in his bankruptcy schedules, the debtor explained that at the time he prepared his bankruptcy schedules, he "did not have the information." Tr. of December 1, 2010 hr'g, 3:10. The debtor found "secondary information," however, upon the advice of the "trustee's office." Tr. of December 1, 2010 hr'g, 3:11-12.

The bankruptcy court decided to dismiss the debtor's second chapter 11 case because:

> [i]n light of the fact that [the debtor] filed schedules under penalty of perjury listing only one creditor, there is no mention about subsequent

7

additions or any other known creditors. The matrix that was filed lists only one creditor, [his Schedule I] shows virtually no income whatsoever and [his] expenses show that [he] go[es] into the red each month. All of those are factors that are taken into account when assessing the likelihood of a reorganization and [the bankruptcy court was] going to dismiss [the debtor's] case.

Tr. of December 1, 2010 hr'g, 4:5-14. The bankruptcy court entered a minute order dismissing the debtor's second chapter 11 case ("dismissal order") on December 3, 2010.

Shortly after the bankruptcy court entered the dismissal order, the debtor amended the creditor matrix, list of 20 largest unsecured creditors, summary of schedules and Schedule F (collectively, "amended bankruptcy documents"). He reported in the amended summary of schedules $340,340 in assets and $45,844,788.90 in liabilities, all of which were unsecured claims. The debtor continued to assert $0 monthly income and $200 monthly expenses in the amended summary of schedules.

On December 13, 2010, the debtor filed a motion to reconsider the dismissal order.[8] The bankruptcy court held a

---

[8] The debtor moved for reconsideration of the dismissal order under Civil Rule 59(e). Civil Rule 59(e) simply sets forth the time by which a party must file a motion to alter or amend a judgment. The debtor presumably meant to move for reconsideration under Civil Rule 59(a)(2), which provides, in relevant part: "After a nonjury trial, the court may, on motion for new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."
The bankruptcy court apparently did not construe the debtor's motion to reconsider the dismissal order as one under Civil Rule 59(e). The bankruptcy court did not cite, however, the specific Civil Rule on which it based its ruling. After
(continued...)

8

hearing on the motion to reconsider the dismissal order on February 2, 2011.

At the hearing, the bankruptcy court informed the debtor that it had reviewed the amended bankruptcy documents. The bankruptcy court pointed out the inconsistencies in the bankruptcy documents filed in the first chapter 11 case and the second chapter 11 case. These inconsistences led the bankruptcy court to believe that the debtor was "not being candid with [it]." Tr. of February 2, 2011 hr'g, 4:10-11. The bankruptcy court told the debtor that it "view[ed] this case and [his] prior case as not being filed in good faith." Tr. of February 2, 2011 hr'g, 3:17-18.

The bankruptcy court noted that when the debtor filed his second chapter 11 case, he had filed his bankruptcy documents under penalty of perjury. If he knew that the bankruptcy documents were inaccurate, the debtor did not amend them, even though he had a month to do so. It was only after his second chapter 11 case was dismissed that the debtor filed "new schedules where [he] showed 35 or so creditors and over [$45] million . . . in debt." Tr. of February 2, 2011 hr'g, 4:6-8.

Referring to the documents filed in the debtor's first chapter 11 case, the bankruptcy court pointed out that

> the schedules and [SOFA] were virtually identical to the initial ones filed here: no assets other than $350 in cash, no income, no creditors other than $590 to a

---

[8](...continued)
reviewing the bankruptcy court's findings, we surmise that the bankruptcy court construed the debtor's motion to reconsider the dismissal order as one under Civil Rule 60(b).

9

carpet cleaning business. Tr. of February 2, 2011 hr'g, 4:15-18.

The debtor explained that when he filed his first chapter 11 case, he "had no files, no records." Tr. of February 2, 2011 hr'g, 4:21-22. He told the bankruptcy court that he had approximately $40,000 in credit card debt, but was unable to "track down any of the documentation because it's all in the hands of [BNY's] attorneys and agents." Tr. of February 2, 2011 hr'g, 6:5-7.

The debtor further explained that he was a federal archivist researcher with several clients whose files and records he held at the Tracy residence. The $45 million in debt that the debtor scheduled related to certain clients who had claims against him arising from his possession of their files and records.

The debtor told the bankruptcy court that he filed his second chapter 11 case "to resolve claims that [he didn't] believe [he owed] everything [the creditors] claim [he] owe[d]." Tr. of February 2, 2011 hr'g, 7:23-24. He also sought to "liquidate claims of people that owe[d] [him] money." Tr. of February 2, 2011 hr'g, 7:24-25.

After listening to the debtor's explanations, the bankruptcy court denied the debtor's motion to reconsider the dismissal order on both procedural and substantive grounds. With respect to its procedural basis, the bankruptcy court found that the debtor only served the UST; he did not serve any creditors or other parties in interest as required under Rules 2002(a)(4) and 9014. The debtor also failed to follow the local bankruptcy rules by filing the motion to reconsider the dismissal order and

the proof of service as a single document.

As to its substantive basis, the bankruptcy court found that the debtor did not give "weight to the requirement that schedules are filed under penalty of perjury," amending the schedules "based on what [was] advantageous to him." Tr. of February 2, 2011 hr'g, 10:18-22. The bankruptcy court further found that the debtor did not file the second chapter 11 case in good faith, based on its review of the original and amended bankruptcy documents and the circumstances of the debtor's first chapter 11 case.

On February 4, 2011, the bankruptcy court entered a minute order denying the debtor's motion to reconsider the dismissal order ("main case reconsideration order"). The debtor timely appealed the dismissal order and the main case reconsideration order.

C.   The debtor's adversary proceeding

While the debtor's second chapter 11 case was pending, on November 22, 2010, the debtor filed a notice of removal of the unlawful detainer action, initiating an adversary proceeding ("removed action")(adv. pro. case no. 10-02731).

BNY objected to the notice of removal. BNY contended that the bankruptcy court lacked subject matter jurisdiction because a judgment already had been entered against the debtor in the unlawful detainer action, which had not been appealed. BNY asked that the bankruptcy court either dismiss the removed action or remand the unlawful detainer action to the state court.

At the hearing on February 10, 2011, the bankruptcy court

11

noted that the debtor's second chapter 11 case had been dismissed. Counsel for BNY again contended that the bankruptcy court lacked subject matter jurisdiction over the removed action because there was no case or controversy before it, as the state court already had issued a final judgment against the debtor in the unlawful detainer action.

After hearing argument from the debtor and BNY, the bankruptcy court took the matter as submitted. Later that same day, the bankruptcy court entered an order remanding the unlawful detainer action to state court ("remand order"). The bankruptcy court reasoned that its jurisdiction over the removed action had been based on the debtor's underlying second chapter 11 case. Because the debtor's second chapter 11 case was dismissed, the bankruptcy court concluded that it no longer had jurisdiction over the removed action.

The debtor filed a motion to reconsider the remand order.[9] The debtor argued that, because his appeal of the dismissal order and the main case reconsideration order was pending, the remand order was premature.

The bankruptcy court denied the debtor's motion to reconsider the remand order on the ground that there were no new allegations or evidence supporting reconsideration. It found that the debtor's pending appeal of the dismissal order and the main case reconsideration order was not a basis for vacating the

---

[9] The debtor again moved for reconsideration under Civil Rule 59(e). The bankruptcy court did not construe the debtor's motion for reconsideration as one under Civil Rule 59(e), but as one under Civil Rule 60(b).

12

remand order. The bankruptcy court noted that even if it had not dismissed the debtor's underlying chapter 11 case, it would have remanded the removed action to state court.

On April 4, 2011, the bankruptcy court entered a minute order denying the debtor's motion to reconsider the remand order ("adversary proceeding reconsideration order"). The debtor timely appealed the remand order and the adversary proceeding reconsideration order.

## JURISDICTION

At the outset, BNY challenges our authority to review the bankruptcy court's remand order. BNY contends that, under 28 U.S.C. § 1447(d), an appellate court cannot review a bankruptcy court's remand order if the remand order was based on lack of subject matter jurisdiction.

BNY seems to conflate the court of appeals and the bankruptcy appellate panel into one appellate court. 28 U.S.C. § 1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.[10]

---

[10] 28 U.S.C. § 1334(d) similarly provides, in relevant part:

> (d) Any decision to abstain or not to abstain made under subsection (c)(other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court
>                                         (continued...)

13

Contrary to BNY's contention, we have jurisdiction to review the bankruptcy court's remand order under 28 U.S.C. § 158(a) and (b). Only a district court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. §§ 1334(d), 1447(d) and 1452(b). It is _further_ appellate review that is precluded. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129 (1995); McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 417 (9th Cir. BAP 1999).

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Did the bankruptcy court abuse its discretion in dismissing the debtor's second chapter 11 case?

(2) Did the bankruptcy court abuse its discretion in remanding the unlawful detainer action to the state court?

(3) Did the bankruptcy court abuse its discretion in denying the debtor's motion to reconsider the dismissal order and motion to reconsider the remand order?

## STANDARDS OF REVIEW

"We review de novo whether the cause for dismissal of a chapter 11 case under 11 U.S.C. § 1112(b) is within the

---

[10](...continued)
of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title . . . .

14

contemplation of that section of the Code." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994). We review for abuse of discretion the bankruptcy court's decision to dismiss a case as a bad faith filing. Id. We review a finding of bad faith for clear error. Id.

We review the bankruptcy court's remand order for abuse of discretion. United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1111-12 (9th Cir. 2001). See also McCarthy, 230 B.R. at 416 ("Decisions to remand under 28 U.S.C. § 1452(b) are committed to the sound discretion of the bankruptcy judge and are reviewed for abuse of discretion."). We also review the bankruptcy court's denial of a motion for reconsideration for abuse of discretion. Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998).

We follow a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1262 & n.20. We must affirm the bankruptcy court's factual findings unless those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id.

We may affirm on any ground supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

15

**DISCUSSION**

A.   Dismissal of the second chapter 11 case

The debtor argues on appeal that the bankruptcy court should not have dismissed his second chapter 11 case simply because he is not "engaged in business."   The debtor contends that any individual residing in the United States may file a chapter 11 petition, regardless of whether he or she operates a business.

The debtor seems to misapprehend the basis of the bankruptcy court's dismissal.   The bankruptcy court did not dismiss the debtor's second chapter 11 case because the debtor was not engaged in business or a business entity.   Based on the circumstances of the debtor's second chapter 11 case, the bankruptcy court found sufficient cause to dismiss it: an apparent inability to reorganize and ultimately, the debtor's lack of good faith in filing the second chapter 11 case.

The bankruptcy court may dismiss a chapter 11 case for cause under § 1112(b).   Marsch v. Marsch (In re Marsch), 36 F.3d at 829.   Lack of good faith in filing a chapter 11 petition constitutes cause for dismissal.   Id.   "The existence of good faith depends on an amalgam of factors and not upon a specific fact."   Id. (quoting In re Arnold, 806 F.2d 937, 939 (9th Cir. 1986))(quotation marks omitted).   The bankruptcy court considers the following circumstantial factors in determining whether the chapter 11 case was not filed in good faith:

(1)   the debtor has only one asset
(2)   the secured creditors' lien encumbers that asset
(3)   there are generally no employees except for the principals
(4)   there is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments
(5)   there are few, if any, unsecured creditors whose claims are

16

relatively small

(6) there are allegations of wrongdoing by the debtor or its principals

(7) the debtor is afflicted with the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors

(8) bankruptcy offers the only possibility of forestalling loss of the property

Stolrow v. Stolrow's, Inc. (In re Stolrow's Inc.), 84 B.R. 167, 171 (9th Cir. BAP 1988)(citing In re Hulse, 66 B.R. 681, 682-83 (Bankr. M.D. Fla. 1986)).

Thoroughly reviewing the debtor's original bankruptcy documents, the bankruptcy court found that the debtor could not possibly propose a viable chapter 11 plan as he had essentially no income and was unemployed.  It also found that the debtor listed only one small unsecured claim in the amount of $590.

After the debtor filed the amended bankruptcy documents, the bankruptcy court further found that the debtor did not file the chapter 11 case in good faith.  The bankruptcy court found that the debtor had few assets: "$340 in cash and old clothing of no value" and "'possession of property,' an interest" in the Tracy residence.  The bankruptcy court determined that the debtor had no income and was unemployed.  The bankruptcy court further found that, despite filing his amended bankruptcy documents under penalty of perjury, the debtor was not candid in disclosing information in his amended bankruptcy documents.

Given the information the debtor provided in his original and amended bankruptcy documents, the bankruptcy court's factual findings of apparent inability to reorganize his affairs and bad faith were not clearly erroneous.  Contrary to the debtor's assertion, the bankruptcy court did not dismiss his second

17

chapter 11 case because he was not engaged in business. The bankruptcy court's findings establish sufficient cause for dismissal under § 1112(b). The bankruptcy court thus did not abuse its discretion in dismissing the debtor's second chapter 11 case.

Alternatively, the bankruptcy court had authority to dismiss the debtor's second chapter 11 case for failure to comply with the status conference order. The debtor contends that he did not receive notice of the bankruptcy court's intent to dismiss his second chapter 11 case. However, the status conference order clearly warned the debtor that dismissal was a possible sanction if he did not comply with the status conference order. Among its requirements, the status conference order expressly charged the debtor to serve the status conference order and the status report on certain creditors. Otherwise, he was subject to sanctions, including dismissal of his second chapter 11 case.

The bankruptcy court found that the debtor had not served either the status conference order or the status report on all of the parties required in the status conference order. The debtor moreover received notice of the possible sanction of dismissal for failure to comply with the status conference order. The debtor even claims in his brief that the bankruptcy court "gave no notice or show cause as to [its] intent of the court reasoning to dismiss the case prior to the hearing or by Minute Order other than the notice of the Status Conference." Appellant's Opening Brief at 5 (emphasis added).

The bankruptcy court was authorized under the status conference order to dismiss the debtor's second chapter 11 case

18

when he failed to comply with the status conference order. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)(per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."). See also In re Tennant, 318 B.R. 860, 869 (9th Cir. BAP 2004)("The court can dismiss a case sua sponte under Section 105(a)."). The bankruptcy court thus did not abuse its discretion in dismissing the debtor's second chapter 11 case.

B.    Remand of the unlawful detainer action

The debtor argues that the bankruptcy court, not the state court, had subject matter jurisdiction over the unlawful detainer action. Appellant's Opening Brief at 10. He further seems to contend that federal law trumps state law in matters involving foreclosures of residences leased to tenants. Id. We disagree.

Under 28 U.S.C. § 1334(b), the bankruptcy court has jurisdiction over any state action that is "related to" a bankruptcy case. A state court action is related to a bankruptcy case if the outcome of the state court action could conceivably have any effect on the estate being administered in bankruptcy. Great Western Sav. v. Gordon (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988).

The dismissal of an underlying bankruptcy case does not automatically terminate the bankruptcy court's jurisdiction over a related state court action. Carraher v. Morgan Elec., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992). In deciding whether to retain jurisdiction over related state law actions, the bankruptcy court must consider economy, convenience, fairness and comity. Id.

19

A bankruptcy court may remand a claim or cause of action related to a bankruptcy case on any equitable ground under 28 U.S.C. § 1452(b). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." McCarthy, 230 B.R. at 417. The bankruptcy court may consider any of the following factors in determining whether to remand to the state court the claim or cause of action concerned:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
> (2) extent to which state law issues predominate over bankruptcy issues;
> (3) difficult or unsettled nature of applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden on the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 821 n.18 (9th Cir. BAP 2009). The decision to remand is within the sound discretion of the bankruptcy court. McCarthy, 230 B.R. at 417.

As we noted earlier, dismissal of an underlying bankruptcy

20

case does not automatically terminate a bankruptcy court's jurisdiction over a removed state court action. The bankruptcy court here nonetheless remanded the unlawful detainer action due to the dismissal of the debtor's second chapter 11 case. The bankruptcy court neither specified an "equitable ground" for remanding nor specifically considered any of the factors enumerated in Cedar Funding, Inc.

But because the "question [to remand] is committed to the sound discretion of the bankruptcy judge," McCarthy, 230 B.R. at 417, we only need to look for abuse of discretion in our review of the record. We must affirm if we can find any appropriate basis supporting the bankruptcy court's decision to remand. See id. at 417-18.

Based on our review of the record, there are ample grounds justifying the bankruptcy court's decision to remand the unlawful detainer action to state court. The unlawful detainer action involved state law issues only, which the state court was fully competent to resolve. Moreover, the state court already had entered a final judgment against the debtor (a fact never contradicted by the debtor) – there apparently were no issues for the bankruptcy court left to adjudicate. The bankruptcy court thus did not abuse its discretion in remanding the unlawful detainer action to the state court.

C.    Motions to reconsider

    1.    Motion to reconsider the dismissal order

The debtor moved for reconsideration of the dismissal order and the remand order under Civil Rule 59(e). The bankruptcy

21

court apparently treated both motions to reconsider as being brought under Civil Rule 60(b).  The bankruptcy court did not specify which subsection of Civil Rule 60(b) it applied in denying the motion to reconsider the dismissal order.  However, we presume that the bankruptcy court considered it under Civil Rule 60(b)(6), as none of the other subsections of Civil Rule 60(b) appear to apply.[11]

A party may bring a motion for reconsideration under Civil Rule 60(b)(6) if he or she can show any reason not otherwise specified in Civil Rule 60(b) justifying relief from operation of the order or judgment.  However, judgments seldom are set aside under Rule 60(b)(6).  Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 941 (9th Cir. 2007).  "Rather, Rule 60(b)(6) should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

_____

[11] Civil Rule 60(b) provides: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

22

where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005))(internal quotation marks omitted). The moving party therefore must show injury and uncontrollable circumstances that prevented him or her from proceeding with the action in a proper fashion. Id.

The debtor did not give in his motion for reconsideration any reason justifying relief from the bankruptcy court's dismissal order. With respect to the dismissal order, the bankruptcy court determined that the debtor had no apparent ability to reorganize and further found that the debtor did not file his second chapter 11 case in good faith in light of his inaccurate bankruptcy documents. The debtor did not show how he was prevented from preparing his bankruptcy documents to reflect accurate information.

The debtor informed the bankruptcy court that he was unable to track down any documentation concerning his liabilities. Still, the debtor apparently was aware of his liabilities, which he could have disclosed in his bankruptcy documents. Moreover, as the bankruptcy court pointed out, the debtor had a month in which to amend the bankruptcy documents.

None of these circumstances were so extraordinary as to prevent the debtor from taking steps to prevent dismissal of his second chapter 11 case (i.e., amending his bankruptcy documents to include accurate information). As noted by the bankruptcy court, he should have prepared his schedules accurately the first time if he took seriously the requirement to verify their

23

accuracy under penalty of perjury. The bankruptcy court did not abuse its discretion in denying the debtor's motion to reconsider the dismissal order.

2. Motion to reconsider the remand order

The bankruptcy court found that the debtor failed to present any new evidence supporting reconsideration of the remand order. Under Civil Rule 60(b)(2), a bankruptcy court may relieve a party from a final judgment or order on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b)."

Evidence is newly discovered within the meaning of Civil Rule 60(b)(2) if: (1) the moving party can show the evidence relied on indeed constitutes newly discovered evidence; (2) the moving party used due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).

The debtor here did not establish any of these factors. Instead, he merely argued that the remand order was premature because his appeal of the dismissal order and the main case reconsideration order was pending. This reason does not justify relief from the remand order. The bankruptcy court did not abuse its discretion in denying the debtor's motion to reconsider the remand order.

24

**CONCLUSION**

Based on our review of the record, we conclude that the bankruptcy court did not abuse its discretion in dismissing the debtor's second chapter 11 case and in remanding the unlawful detainer action to state court. We also determine that the bankruptcy court did not abuse its discretion in denying the debtor's motions to reconsider the dismissal order and remand order. Accordingly, we AFFIRM.