In the Matter of Donald HULSE and Evelyn Hulse, d/b/a Charles Chips of the Suncoast, Debtors.

Bankruptcy No. 86–3501.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 6, 1986.

Richard Zeller, St. Petersburg, Fla., for debtors.

David F. O'Leary, Harrisburg, Pa., Harley Riedel, Stichter & Riedel, P.A., Tampa, Fla., for Musser's Potato Chips.

ORDER ON MOTION BY MUSSER'S POTATO CHIPS, INC. TO DISMISS CHAPTER 11 CASE AND ORDER ON MOTION BY MUSSER'S POTATO CHIPS, INC. TO COMPEL DEBTORS TO ASSUME OR REJECT EXECUTORY CONTRACT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are a Motion by Musser's Potato Chips, Inc. (Musser's) to Dismiss Chapter 11 Case; and a Motion to Compel Debtors to Assume or Reject Executory Contract. Musser's seeks an order dismissing the bankruptcy case under § 1112(b) of the Bankruptcy Code for "cause" claiming that the Debtors filed this Chapter 11 Petition in bad faith. In support of its motion Musser's alleges that the following are indicative of the Debtors' bad faith and warrant a dismissal for "cause":

(1) Debtors are solvent and have one unsecured debt which is owed to Musser's and, therefore, they have no compelling need for rehabilitation under Chapter 11, especially since all their debts are current;

(2) The sole basis for the Chapter 11 case is a two-party dispute between the Debtors and Musser's; and

(3) Debtors conduct evidences either the unwillingness or inability to honor the terms of the Distribution Agreement with Musser's and thereby renders it impossible for Debtors to provide adequate assurance of their future performance under the Distribution Agreement.

In opposing Musser's motion the Debtors contend that their attempt to preserve a valuable contract right is a perfectly legitimate goal to be pursued in a bankruptcy court; that they are operating a successful business which will be destroyed save their ability to use the rehabilitative provisions of Chapter 11.

The Court has considered the record and the depositions in evidence, heard arguments of counsel, and now finds and concludes as follows:

Musser's is a producer of potato chips and related snack-type food items. The Debtors are owners and operators of a sole proprietorship conducting business under the name of "Charles Chips of the Suncoast". It appears from the record that the Debtors have been the distributors of products manufactured by Musser's for over 15 years. The current relationship of the parties is based on the contract entered by them on May 20, 1982. Under this contract the Debtors became the exclusive distributors of Musser's products in nine (9) counties in the State of Florida.

On July 14, 1986, a letter was hand delivered to Evelyn Hulse sent by Musser's, which stated that as of that date the Debtors were indebted to Musser's in the amount of $227,000.00. The letter further stated that unless the balance stated was paid within 30 days, Musser's will declare the Distributorship terminated. In order to save their distributorship, the Debtors immediately applied for and secured a loan from Center Bank on August 14, 1986, in the amount of $275,000.00 for the specific purpose of curing the default. Upon obtaining the loan Mrs. Hulse contacted Mr. Reedy, Chief Financial Officer of Musser's in Pennsylvania, for the purpose of ascertaining the exact outstanding balance of their account owed to Musser's. Mr. Reedy informed Mrs. Hulse that the amount now due was $347,000.00 and not the amount stated in the July 14, 1986, letter (allegedly because additional debt had accrued from the time the letter was delivered on July 14, 1986).

Faced with the possibility of losing their distributorship, on August 14, 1986, the Debtors filed their Chapter 11 Petition. On September 2, 1986, Musser's filed the two motions under consideration *e.g.* the Motion to Dismiss and the Motion to Compel Debtor to Assume or Reject Executory Contract. On October 8, 1986, the Debtors filed a response to the Motion to Dismiss the Chapter 11 Case.

The Debtors' schedules reveal approximately $1,700,000.00 in assets and $537,-000.00 in liabilities. Musser's alleges that

$347,000.00 is owed to them by the Debtors. Both parties have stipulated that the amount of the sum owed by the Debtor to Musser's is in dispute. The Debtors admit the Chapter 11 was filed in desperation to prevent the termination by Musser's, to save the distributorship, and to keep their 40 employees out of the unemployment lines. Based on these undisputed facts, Musser's contends that since the Debtors are solvent, that this is nothing more than a two-party dispute, the petition was not filed in good faith; therefore, it should be dismissed for "cause" pursuant to § 1112(b) of the Bankruptcy Code.

■ Dismissal or conversion of a Chapter 11 case is dealt with by § 1112 of the Bankruptcy code. Subclause (b) of this section permits a dismissal of a Chapter 11 case for "cause", albeit the Code fails to define the term. It is now universally recognized that it is appropriate to dismiss a Chapter 11 case for "cause" if it appears that the petition was filed in bad faith. *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bankr.C.D.Cal.1981); *In re Spenard Ventures, Inc.*, 18 B.R. 164 (Bankr.D.Alaska 1982); *In re Thirtieth Place, Inc.*, 30 B.R. 503 (Bankr. 9th Cir.1983); *In re Levinsky*, 23 B.R. 210 (Bankr.E.D.N.Y.1982); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re Wamsganz*, 54 B.R. 759, 13 B.C.D. 973 (Bankr.E.D.Miss.1985); *In re Waldron, et al.*, 785 F.2d 936 (11th Cir.1986).

This Court recently addressed the issue of dismissal of a Chapter 11 case for cause in *Welwood Corporation*, 60 B.R. 319 (Bankr.M.D.Fla.1986). In *Welwood*, this Court, citing *Little Creek Development Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068 (5th Cir.1986) articulated several factors which are usually present in Chapter 11 cases not filed in good faith and which may be considered in a motion to dismiss for cause:

(1) Debtor has only one asset;

(2) The secured creditors' lien encumbers this asset;

(3) There are generally no employees except for the principals;

 

(4) Little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments;

(5) Few, if any, unsecured creditors whose claims are relatively small;

(6) Allegations of wrongdoing by the Debtor or its principals;

(7) The "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors; and

(8) Bankruptcy offers the only possibility of forestalling loss of the property.

It should be noted that neither insolvency nor inability of the Debtors to pay their debts is a prerequisite to seeking any form of voluntary relief under the Bankruptcy Code. Arguably, the Debtors have filed their Chapter 11 petition in order to reorganize and rehabilitate an existing enterprise in order to protect an established business of 25 years as well as preserve the jobs of 40 employees. Moreover, the Debtors have continued in operation since the petition filing and the Court has taken judicial notice of the bi-weekly reports which have been filed herein that evidence the continued operation by the Debtors. The period in which the Debtors must file a Plan of Reorganization does not expire until December 12, 1986. Admittedly, this case is essentially a two-party dispute with Musser's being the largest unsecured creditor, but this alone cannot constitute a bad faith filing by the Debtors under § 1112(b) and, therefore, the Motion to Dismiss should be denied.

The Distributorship Agreement between Musser's and the Debtors is an executory contract. Under § 365(d)(2) of the Bankruptcy Code, Musser's, as a party to an executory contract, may request this Court to order the Debtors to determine within a specified period of time whether to assume or reject the Distributorship Agreement. Under § 365(b)(1) of the Bankruptcy Code, the Debtors may not assume the Distributorship Agreement unless at the time of assumption the Debtor cures or provides adequate assurance that they will cure the default under the Agreement and provide adequate assurance of their future performance under the Agreement.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion by Musser's Potato Chips, Inc., to Dismiss Chapter 11 case be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion by Musser's Potato Chips, Inc., to Compel Debtors to Assume or Reject Executory Contract be, and the same is hereby, granted and the Debtor shall file within 30 days of the entry of this Order a Motion to Assume or Reject the Distribution Agreement with Musser's. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor fails to file a Motion to Assume or Reject Executory Contract within 30 days of the entry of this Order, then the Distribution Agreement between the Debtors and Musser's shall be deemed thereby to be rejected.