**In re STOLROW'S INC., a California corporation, dba Clothes for Eve, Debtor.**

**In re SANDRA L. STOLROW, INC., a California corporation, dba Exclusive Women, Debtor.**

**In re the ORIGINAL WOMEN'S LARGE & HALF–SIZE FACTORY OUTLET, INC., a California corporation, Debtor.**

**Sandra L. STOLROW, Appellant,**

v.

**STOLROW'S, INC.; the Original Women's Large & Half–Size Factory Outlet, Inc.; Sandra L. Stolrow, Inc., Appellees.**

**BAP Nos. CC–86–1256 VMoMe, 86–1940. Bankruptcy Nos. LA 84–08265–BR, LA 84–08264–BR and LA 84–08266–BR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 20, 1987.

Decided March 21, 1988.

---

Steven J. Shapero, Shapero & Shapero, Woodland Hills, Cal., for appellant.

Marc A. Levinson, Sidley & Austin, Los Angeles, Cal., for appellees.

Before VOLINN, MOOREMAN and MEYERS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### FACTS

The debtors, collectively referred to as the Stolrow corporations, are Stolrow's, Inc., Sandra L. Stolrow, Inc., and The Original Women's Large & Half–Size Factory Outlet, Inc., ("Original"). The Stolrow corporations specialized in retail sales of women's clothing and were founded by Walter and Margaret Stolrow and appellant Sandra Stolrow. Walter and Margaret are married. Appellant is Walter's daughter by a previous marriage. Each of the three principals owned one third of the stock in each of the corporations, except for the six percent interest in one of the companies that Walter and Margaret had transferred to their son.

As a result of disputes concerning operation of the three enterprises, appellant decided that she did not want to continue in business with either Walter or Margaret Stolrow. Appellant and Walter Stolrow undertook buy-out negotiations, which proved unsuccessful.

In 1983, appellant commenced an action in state court pursuant to Cal.Corp. Code §§ 1800 *et seq.* for dissolution of the three Stolrow corporations and the appointment of a receiver. For reasons not apparent in the record, the state court action was unopposed. After a hearing on November 28, 1983, the court entered an order appointing a receiver, conditioned upon the posting of a bond.

Negotiations between the parties continued for several months. Appellant then posted the bond on April 16, 1984. The terms of the order which then went into effect called for the immediate notification of all creditors, and other preparations for dissolution of the corporations. The next day, April 17, 1984, the three Stolrow corporations filed petitions for reorganization under Chapter 11.

On August 23, 1984, appellant Sandra Stolrow brought a motion to dismiss the three bankruptcy proceedings. She asserted that the bankruptcy court lacked jurisdiction over the proceedings because the bankruptcy petitions were filed as a result of an internal dispute over corporate control and solely to frustrate a valid state court judgment. In addition, appellant contended that the petitions should be dismissed because they were not filed in good faith. The motion was denied.

On October 9, 1985, appellant again moved to dismiss the bankruptcy proceedings in the matter of Stolrow's, Inc.,[1] con-

---

1. In their briefs, both appellant and appellees discuss the second motion to dismiss as though it were brought with respect to all three bankruptcy proceedings. However, the moving pa-

tending that there was no purpose in continuing the proceedings because there was more than enough cash to pay all creditors. The court denied the second motion to dismiss.

In the period between the filing of the petitions in bankruptcy and the first amended disclosure statement, debtors sold the stores of Stolrow's, Inc., paid in full all priority claims except those for professional services, and paid eighty percent on all general, unsecured claims.

On December 17, 1985, the debtors filed the First Amended Plan of Reorganization ("the Plan"). Pursuant to the Plan, all general, unsecured creditors were to be paid the remaining 20 percent of their claims, plus interest. The remaining assets of Stolrow's Inc., other than cash, receivables and unpaid tax refunds, were to be sold to debtor Original. Stolrow's Inc. was to be liquidated. Sandra L. Stolrow, Inc. was to be merged into Original, and Original was to be merged into a new corporation. Appellant's stock in Original was to be redeemed for cash in an amount equal to one-third of the going concern value of Original. The stock of the other two shareholders in Original was to be exchanged for stock in the new corporation, MAXI*S.

Appellant objected to confirmation of the Plan, contending that because the bankruptcy petitions had been filed in bad faith, the Plan could not have been proposed in good faith as required by 11 U.S.C. § 1129(a)(3). She also contended that the Plan should be rejected because only the other shareholders, and not appellant, would be allowed to buy the assets of the debtor corporations, and the nature and extent of those assets were known only to the other shareholders. Therefore, the Plan failed to provide the same treatment for each claim or interest of a particular class, as required by 11 U.S.C. § 1123(a)(4). In response to appellant's objection, the bankruptcy judge at the confirmation hearing stated that he would give appellant equal opportunity to purchase the assets of

the debtor corporations. Appellant elected not to do so. The bankruptcy court confirmed the Plan. Appellant appeals the entry of the order confirming the Plan.

## ISSUES

1. Did the bankruptcy court err in denying appellant's motions to dismiss the bankruptcy petitions?

2. Did the bankruptcy court err in confirming the Plan?

## DISCUSSION

1. *Denial of motions to dismiss.*

■■■ Dismissal of a Chapter 11 case for cause is governed by 11 U.S.C. § 1112(b). It is appropriate to dismiss a Chapter 11 case for cause if it appears that the petition was filed in bad faith. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984); *In re Southern California Sound Systems, Inc.*, 69 B.R. 893, 899 (Bankr.S.D.Cal.1987); *In re Hulse*, 66 B.R. 681, 682 (Bankr.M.D.Fla.1986). Dismissal for a lack of good faith in filing is a matter for the bankruptcy court's discretion. *In re Universal Clearing House Co.*, 60 B.R. 985, 993 (D.Utah 1986). The question of good faith is factual and will often require the introduction of evidence. *In re Universal Clearing House Co.*, 60 B.R. at 994. The hearing of evidence on a factual issue is peculiarly within the bankruptcy court's jurisdiction. *Id.*

Appellant contends that the bankruptcy petitions were not filed in good faith because they were a tactical move by solvent debtors in a shareholder dispute governed by state corporate law, and therefore outside the jurisdiction of the bankruptcy court. She also contends that the petitions should have been dismissed for cause since they were not filed in good faith.

■■■ The absence of good faith in filing a bankruptcy petition does not divest the bankruptcy court of subject matter jurisdiction. *See In re Universal Clearing House*

pers, as well as the order denying the motion, indicate that it was brought only with respect to

the proceedings in the matter of Stolrow's, Inc.

*Co.,* 60 B.R. 985, 993–994 (D. Utah 1986). Neither insolvency nor inability to pay debts is a prerequisite to seeking voluntary relief under the Bankruptcy Code. *In re Hulse,* 66 B.R. 681, 683 (Bankr.M.D.Fla. 1986). Petitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtors. *Id.* Finally, the appointment of a receiver and the commencement of proceedings to wind up corporate affairs in state court do not divest the bankruptcy court of subject matter jurisdiction. *See In re Cash Currency Exchange, Inc.,* 762 F.2d 542, 552–553 (7th Cir.1985), *cert. denied sub nom. Fryzel v. Cash Currency Exchange, Inc.,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). We find no merit in appellant's contentions that the bankruptcy court lacked subject matter jurisdiction.

The court in *In re Hulse,* 66 B.R. 681 (Bankr.M.D.Fla.1986), summarized the factors which are usually present in cases not filed in good faith and which may be considered in a motion to dismiss for cause:

(1) The debtor has only one asset.

(2) The secured creditors' lien encumbers that asset.

(3) There are generally no employees except for the principals.

(4) There is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.

(5) There are few, if any, unsecured creditors whose claims are relatively small.

(6) There are allegations of wrongdoing by the debtor or its principals.

(7) The debtor is afflicted with the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

(8) Bankruptcy offers the only possibility of forestalling loss of the property.

66 B.R. at 682–683. The foregoing summary was derived from *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1072–1073 (5th Cir.1986), which was cited with approval in *In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986).

This case on its facts does not coincide with the foregoing factors. The declaration of Walter T. Stolrow filed in opposition to the first motion to dismiss stated that the leases for the twelve stores operated by the debtors contained a "bankruptcy clause" which would operate to terminate the leases if a receiver were appointed and not removed within a short period of time. Walter Stolrow also contended that if the vendors to the Stolrow corporations had received notice of the appointment of a receiver as provided in the order issued in state court, they would have immediately stopped all shipments to the stores, resulting in closure of the stores because of lack of inventory and reduction in the value of the corporations for any possible sale. The declaration also stated that the Stolrow corporations employed over 100 employees at their stores and corporate headquarters, who would presumably lose their jobs if the stores were to close. Thus, there were arguably valid reasons for filing the petitions in bankruptcy which were accepted by the bankruptcy court. There is no showing that the bankruptcy court abused its discretion in refusing to dismiss the cases.

*2. Confirmation of Plan.*

Appellant contends that the bankruptcy court erred in confirming the Plan because it was not proposed in good faith. Section 1129(a)(3) of the Bankruptcy Code provides that a plan of reorganization must be proposed in good faith and not by any means forbidden by law. Appellant contends that the standards are similar for determining whether a petition was filed in good faith and whether a plan of reorganization was proposed in good faith. She relies on her argument for dismissal of the cases in support of the proposition that the Plan was not proposed in good faith. However, there is a legal distinction between the good faith that is a prerequisite to filing a Chapter 11 petition for reorganization and the good faith that is required for confirmation of a plan pursuant to 11 U.S. C. § 1129(a)(3). *See In re Madison Hotel*

*Assocs.,* 749 F.2d 410, 424–425 (7th Cir. 1984).

■■■■■ Good faith in proposing a plan of reorganization is assessed by the bankruptcy judge and viewed under the totality of the circumstances. *In re Jorgensen,* 66 B.R. 104, 108–109 (9th Cir. BAP 1986). Good faith requires that a plan will achieve a result consistent with the objectives and purposes of the Code. *In re Jorgensen,* 66 B.R. at 109. It also requires a fundamental fairness in dealing with one's creditors. *Id.* The bankruptcy judge is in the best position to assess the good faith of the parties. *Id.* The finding of good faith will not be overturned unless the opponent of the plan can show that the finding was clearly erroneous. *In re Koelbl,* 751 F.2d 137, 139 (2d Cir.1984); *See In re Jorgensen,* 66 B.R. at 109.

■■■■ Appellant has not met her burden of showing that the bankruptcy court's finding of good faith was clearly erroneous, particularly since her allegations of bad faith go primarily to the filing of the petitions rather than to the proposal of the Plan.

Appellant also contends that the bankruptcy court erred in confirming the Plan because it failed to provide the same treatment for each claim or interest of a particular class as required by 11 U.S.C. § 1123(a)(4). She asserts that she did not receive the same treatment under the Plan as the other shareholders because the Plan provided that two of the three shareholders would buy the remaining assets of the Stolrow corporations at a price which they were to determine.

■■■■■ Whether or not a plan of reorganization provides for equality of treatment for each claim or interest of a particular class is a factual determination reviewable under the clearly erroneous standard. *In re Acequia, Inc.,* 787 F.2d 1352, 1358 (9th Cir.1986). The record shows that in response to appellant's contention that the Plan did not provide equality of treatment to equity shareholders because only Walter and Margaret were offered the opportunity to purchase stock in Original, the bankrupt-

cy judge stated that he would require that appellant be offered the opportunity to outbid Walter and Margaret and purchase the corporation herself. However, appellant rejected that option without any showing that she was financially unable to exercise the option.

The order of the bankruptcy court is affirmed.