**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. CC-15-1422-DKuF |
| ) | |
| PROMETHEUS HEALTH IMAGING, ) | Bk. No. 14-10250-SC |
| INC., ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| PROMETHEUS HEALTH IMAGING, ) | |
| INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **AMENDED MEMORANDUM**[1] |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on July 28, 2016
at Pasadena, California

Originally Filed - August 2, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

Appearances:    Matthew D. Rifat argued for appellant.

Before:  DUNN, KURTZ, and FARIS, Bankruptcy Judges.

---

[1]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

For the second time, Appellant Prometheus Health Imaging, Inc. ("Prometheus") appeals from a bankruptcy court order dismissing its chapter 11[2] bankruptcy petition for bad faith. In the first appeal, the Panel vacated and remanded to the bankruptcy court because the record lacked evidentiary support for the factual findings on which the bankruptcy court's bad faith determination was based. (See Prometheus Health Imaging, Inc. v. U.S. Trustee (In re Prometheus Health Imaging, Inc.), BAP No. CC-14-1576-FKiKu, 2015 WL 6719804 (9th Cir. BAP November 2, 2015) ("Prometheus I"). On remand, the bankruptcy court conducted further proceedings, made detailed findings, and again dismissed based on a determination that the bankruptcy petition had been filed in bad faith.[3]

We AFFIRM.

## I.  BACKGROUND

In 2002, Prometheus ordered from General Electric Medical Systems Europe ("GEM") an imaging machine for delivery in Saudi Arabia. A dispute arose regarding whether GEM fulfilled the contract with an adequate machine. Ultimately, GEM obtained a judgment in the principal amount of $951,000 against Prometheus in the federal district court in Ohio. Thereafter, in 2010, Prometheus commenced litigation against GEM in Paris, France, where the court ("Paris Trial Court") ruled against Prometheus.

---

[2]   Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]   On remand the case was reassigned to Judge Clarkson.

-2-

In 2012, Prometheus filed an appeal from the Paris Trial Court decision. Prometheus contends that the French Appellate Court is not bound by the rulings of the Paris Trial Court. However, Prometheus had no assets from which to post the bond required to proceed in the French Appellate Court, so Prometheus filed its chapter 11 petition on January 14, 2014. At that time, Prometheus was not operating a business.

On September 19, 2014, the bankruptcy court entered an order to show cause ("Show Cause Order"), which required Prometheus' counsel to appear and which gave notice that the bankruptcy court would be determining whether Prometheus' bankruptcy case "should be dismissed as a bad faith filing . . . ." In response, Prometheus' counsel filed a declaration that stated, inter alia:

> 8. The Debtor's bankruptcy case should not be dismissed as a bad faith filing. As I previously advised the Court, this case is the most unusual chapter 11 case I have ever handled. The Debtor ceased business operations in 2004, and the Debtor's primary asset is the Appeal of litigation pending in Paris. As previously disclosed to the court, Frederic Jeannin, counsel for the Debtor for the Paris Appeal, advised me that the Debtor had to file bankruptcy in order to proceed with the Appeal. As I advised the Court at one of the initial status conferences, this was not a bad faith filing, a la Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994), where the Ninth Circuit affirmed the ruling of the bankruptcy court that it was bad faith for debtors to file a chapter 11 petition to obtain a stay of a pending appeal when the debtor had the necessary funds to bond the appeal. Here, the Debtor has no funds, and the Appeal cannot proceed unless the bankruptcy case remains active.

Prometheus' sole officer and director, Wendee Luke, also provided a declaration, which provided in relevant part:

> 6. The Debtor needed to file a chapter 11 case to proceed with the litigation in Paris against GEM. I believed it was appropriate for the Debtor to file its chapter 11 case in Orange County because (I) the Debtor's principal place of business is in Orange

-3-

County; (ii) the Debtor's sole officer and director lives in Orange County; and (iii) the Debtor's agent for service of process lives in Orange County.

After the show cause hearing was held, the bankruptcy court entered its dismissal order and Prometheus filed its first appeal, Prometheus I. The Prometheus I Panel vacated the dismissal order and remanded to the bankruptcy court to, inter alia, make appropriate findings of fact.

On remand, the bankruptcy court promptly entered an order ("Order on Remand") requiring Prometheus to bring its Monthly Rule 2015 Reports current, to pay all outstanding United States Trustee fees, to seek employment of its bankruptcy counsel, and to provide a status report ("Status Report") regarding all activities Prometheus had engaged in during the pendency of the Prometheus I appeal. The Order on Remand also mandated the appearance both of Prometheus' counsel and of Ms. Luke, as Prometheus' representative, at the hearing ("Hearing on Remand") scheduled for November 17, 2015.

At the Hearing on Remand, the bankruptcy court noted that Prometheus appeared to have substantially complied with the Order on Remand. The bankruptcy court engaged in an extended colloquy with Prometheus' counsel at the Hearing on Remand. Among the primary issues explored were the following:

- Although Prometheus, through counsel and Ms. Luke, had repeatedly represented to the bankruptcy court that the bankruptcy case had been filed because it was the only way the litigation in the French Appellate Court could proceed in the absence of a bond, in fact a certificate of insolvency from a certified public accountant would have served the same purpose.

-4-

- Despite the fact that the bankruptcy case had been used as the substitute for a bond for the French Appellate Court proceedings, after the first dismissal order was entered Prometheus neither obtained a stay pending appeal of the dismissal order nor informed the French Appellate Court that its substitute for the bond no longer was in existence. As a consequence, the French Appellate Court held the trial de novo in May 2015, and Prometheus was awaiting news of the disposition of that litigation.

- Prometheus had not been an operating business since 2004. It had no funds with which to make the payments to the U.S. Trustee under the Remand Order. Ms. Luke provided the funds to make the payments on behalf of Prometheus.

At the conclusion of the Hearing on Remand, the bankruptcy court made the following ruling on the record:

Okay. I'm dismissing this case. This case is dismissed. It is a bad faith filing. The reason it's a bad faith filing is because, one, the original description by your French counsel was that the only reason this case should go forward is that they needed to avoid an appeal bond, but now we know that that's not the only reason. They could have simply filed a certificate of insolvency, and I have to tell you that a company that hasn't generated money in 10 years and doesn't have any assets except for . . . $125 doesn't need to be in Chapter 11.

Now -- and that certificate would have been efficient. The other thing is this. The bad faith that's been demonstrated by having this case dismissed on November 26, 2014, not . . . obtaining a stay pending appeal, and then going to French court and not getting a certificate of insolvency and not revealing prior to that hearing -- and I -- and I'm only assuming that that didn't happen because I have to assume and I'm going to assume that they would have required you to get an appeal bond because you no longer had the benefit of the bankruptcy.

So there's bad faith toward the French court. As an

-5-

honor to courts both in America and to other courts in democratic societies and a nation such as France, which has been the friend of America prior to the Revolution, I'm going to honor the -- the point that they should have been informed that prior to the trial de novo, the bankruptcy was not in place, a stay was not in place, and that no certificate of insolvency was in place.

I think that is very much bad faith and an abuse of the bankruptcy system, and now we have a Debtor that has no assets, lots of liabilities, has lost I believe in Ohio on this matter with GE, has lost a court fight in France and now has asked for a trial de novo in France and has had the hearing, and there's nobody attacking you, by the way. There's no one out there seeking writs of execution or writs of possession against Prometheus Health Imaging, and I know this because I've reviewed the statement of financial affairs, and I look at the statement of financial affairs where it states that there are no pending actions that are occurring with respect to collection of debt.

So with all of that -- and I guess I could go on, but I guess the final nail in the coffin is the Debtor doesn't even have enough money to pay for the U.S. Trustee quarterly fees. I'm dismissing the case.

So I would like you to -- no, I'll do it. The chambers will provide an order dismissing this case as a bad faith for the reasons -- based upon the reasons that are stated on the record, and you can take that back up to the Bankruptcy Appellate Panel.

Hr'g Tr. (Nov. 17, 2015) 25:11-27:11.

After the Hearing on Remand, the bankruptcy court entered its "Order Dismissing Chapter 11 Case on Remand From Ninth Circuit B.A.P." ("Second Dismissal Order"). The Second Dismissal Order contained the bankruptcy court's written findings of fact and conclusions of law. The written findings provide a significant additional basis upon which the bankruptcy court ordered dismissal of Prometheus' case:

When asked by the Court what the estate's stake or interest in the French appeal consisted of, Mr. Broidy advised that the Debtor may have counterclaims against GEM. If the Debtor prevailed in its appeal, assumed Mr. Broidy, funds may come into the estate sufficient

-6-

to pay Debtor's creditors. However, in light of the prior Chapter 7, it is unclear whether the Debtor's alleged claims against GEM are even property of this Chapter 11 estate. The Debtor had filed Chapter 7 on November 4, 2004 (2:04-bk-33283-VZ), but did not disclose the presence of claims against GEM. The Debtor's principal states that the Debtor's claim against GEM arose in 2002, when GEM delivered a "slower machine that was not suitable for the Debtor's needs. . . ." Declaration of Wendee Luke [Dk. 40 at ¶ 3]. If the Debtor's claims against GEM arose at any time prior to November 4, 2004, the date of the Chapter 7 filing, those unscheduled claims would remain unadministered property of the Chapter 7 estate. See 11 U.S.C. § 541 (property of the estate); 11 U.S.C. § 544(d) (property not abandoned or administered remains property of the estate); Lopez v. Specialty Rests. Corp. (In re Lopez), 283 B.R. 22, 28 (9th Cir. BAP 2002) (An unscheduled claim "that is neither abandoned nor administered remains property of the estate even after the case is closed."). To the extent Debtor's claims against GEM are unadministered assets of the former Chapter 7 estate, the Debtor lacks standing to prosecute them. 11 U.S.C. § 323 (trustee is the representative of the estate with capacity to sue and be sued); In re Edwards, 2011 WL 4485560, at *3 n.2 (9th Cir. BAP Aug. 26, 2011) (unpublished) (citations omitted).

Second Dismissal Order at 5:16-6:8.

The bankruptcy court made the following written conclusions to support entry of the Second Dismissal Order dismissing the bankruptcy case for cause pursuant to § 1112(b):

In light of these findings, the Court concludes that this Chapter 11 case was filed in bad faith. The Debtor is not an operating business, and is not generating any income, but it is continuing to accrue expenses. The only purported assets of the estate are claims which appear to have arisen prior to the Debtor's previous Chapter 7 case and may not even be property of this bankruptcy estate. The Debtor has shown no evidence of abandonment of the claims by the Chapter 7 trustee to this estate. The Debtor has not provided any evidence of a reasonable likelihood of reorganization. The Debtor admits that the purpose of the bankruptcy was to avoid paying an appeal bond. Indeed, Mr. Broidy admits that the Debtor had other avenues available to it to prosecute the French appeal, including the filing of a certificate of insolvency. Instead of doing so, the Debtor invoked the time and

resources of the bankruptcy court system for the purpose of obtaining the automatic stay to allow it to prosecute the French appeal. Neither the Debtor's bankruptcy counsel nor the Debtor's attorney in the French court system were employed by the estate. The Debtor's counsel only filed an application for employment upon this Court's order requiring him to do so. No such application has been filed for the French attorney. Finally, the Debtor was unable to explain satisfactorily whether it gave any notice directly to the French court or GEM about the dismissal of this case in November of 2014, which may involve a fraud on the French court.

Second Dismissal Order at 7:23-8:15.

The Second Dismissal Order was entered December 2, 2015. Prometheus once again filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(1). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion when it dismissed Prometheus' chapter 11 petition.

## IV. STANDARDS OF REVIEW

"We review de novo whether the cause for dismissal of a Chapter 11 case under [§ 1112(b)] is within the contemplation of that section of the [Bankruptcy] Code. We review for abuse of discretion the bankruptcy court's decision to dismiss a case as a 'bad faith' filing." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994) (citing Stolrow v. Stolrow's, Inc. (In re Stolrow's, Inc.), 84 B.R. 167, 170 (9th Cir. BAP 1988)).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider

-8-

de novo whether the bankruptcy court applied the correct legal standard. Id. Then, we review the bankruptcy court's factual findings for clear error. Id. at 1262 & n.20; see Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994) (the bankruptcy court's finding of "bad faith" is reviewed for clear error). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in inferences that may be drawn from facts in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

"We may affirm 'on any ground supported by the record, regardless of whether the [bankruptcy] court relied upon, rejected, or even considered that ground.'" Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014); see also ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

The Prometheus I Panel determined that the bankruptcy court could dismiss a chapter 11 case for bad faith under § 1112(b). Thus, the only issue to be decided on this appeal is whether the bankruptcy court abused its discretion when it entered the Second Dismissal Order dismissing Prometheus' case on the basis that the petition had been filed in bad faith.

It is undisputed on the record before us that (1) the reason Prometheus filed its chapter 11 case was to obtain a bankruptcy stay as a substitute to posting a bond in the litigation in the French Appellate Court; (2) Prometheus' claim ("Litigation

Claim") against GEM arose in 2002; (3) Prometheus did not disclose the Litigation Claim as an asset in the chapter 7 case it filed in 2004. The bankruptcy court correctly determined that, as a matter of law, the Litigation Claim remained an unadministered asset of Prometheus' chapter 7 case when it was closed. Prometheus has no standing to prosecute the Litigation Claim, and certainly no basis for filing a chapter 11 case ostensibly for the purpose of liquidating that claim and administering it for the benefit of creditors.

Remarkably, in its brief on appeal, Prometheus ignores completely the bankruptcy court's findings of fact and conclusions of law relating to whether Prometheus has any interest in the Litigation Claim which could be protected in a chapter 11 case. Prometheus makes no assertion that the bankruptcy court's fact findings in this context were clearly erroneous. Prometheus makes no assertion that the bankruptcy court erred as a matter of law when it concluded that Prometheus had no cognizable interest in the Litigation Claim to protect in the chapter 11 case. As a consequence, Prometheus has waived these issues on appeal. See Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998), aff'd, 205 F.3d 1350 (9th Cir. 1999) (an issue not adequately addressed by appellant in its opening brief is deemed abandoned).

In our reading of the Second Dismissal Order, the nondisclosure of the existence of the Litigation Claim in the prior chapter 7 case constitutes the bankruptcy court's primary basis for finding the petition was filed in bad faith.

While this is sufficient in and of itself to support the

-10-

dismissal of Prometheus' case, we share the bankruptcy court's concerns that neither Prometheus' bankruptcy counsel (until responding to the Order on Remand) nor its counsel in the French Appellate Court (ever) sought or obtained bankruptcy court approval for representation of Prometheus during the pendency of the chapter 11 case.

Further, that Ms. Luke, who has no disclosed monetary relationship with Prometheus,[4] provided the funds necessary for Prometheus to meet its obligation to pay quarterly U.S. Trustee fees, is also troubling. It is unlikely that Ms. Luke "gave" the money to Prometheus. To the contrary, in her declaration filed with the Status Report Ms. Luke states:

> Since January 14, 2014, the Debtor has received a total of $775, all as set forth in the Debtor's Monthly Operating Reports. The source of those funds is money that I caused to be advanced to the Debtor. In addition, I advanced $1,625 for payment of the fees due and owing to the Office of the United States Trustee for the third quarter of 2014 through and including the third quarter of 2015.

To "advance" is "to supply or furnish **in expectation of repayment.**" Merriam-Webster Collegiate Dictionary 18 (11th ed. 2005) (emphasis added). Because these funds were advanced to Prometheus other than in the ordinary course of its business,

---

[4] The monthly operating reports do not reflect that Prometheus pays Ms. Luke for the services she renders on its behalf, and the amended disclosure statement explicitly stated that "Wendee Luke shall manage the Debtor post-confirmation for no compensation." Clearly, adequate disclosure of Prometheus' relationship with its insider, Ms. Luke, has not been made.

In addition, Prometheus' two shareholders are located outside of the United States; neither has participated actively in the bankruptcy case.

-11-

bankruptcy court approval was necessary. See § 364(b). There is nothing in the record to suggest that Prometheus ever sought approval from the bankruptcy court to borrow money from Ms. Luke for the purpose of paying the U.S. Trustee quarterly fees.

Finally, it is undisputed in the record that Prometheus actively continued the litigation against GEM in the French Appellate Court notwithstanding that (1) no bankruptcy stay was in effect and (2) it neither posted a bond nor provided a certificate of insolvency. Taken together with Prometheus' failure to disclose the Litigation Claim in its chapter 7 case and its demonstrated disregard for compliance with the Bankruptcy Code in the chapter 11 case, it is clear that Prometheus is playing fast and loose with the courts.

## VI. CONCLUSION

The record establishes that Prometheus filed its chapter 11 petition in bad faith.

This appeal is frivolous. See DeWitt v. W. Pac. R.R. Co., 719 F.2d 1448, 1451 (9th Cir. 1983) (an appeal is frivolous if the result is obvious and the arguments of error are wholly without merit). Had there been an appellee participating in this appeal we would not have hesitated to determine the appeal frivolous and to award costs and fees as authorized by Rule 8020(a).

We AFFIRM the bankruptcy court's Second Dismissal Order.